IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Lawrence R. HEATH, Attorney at Law.

Supreme Court

*No. 85–0682–D. Filed October 1, 1985.*
(Also reported in 374 N.W.2d 240.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Lawrence R. Heath be publicly reprimanded for unprofessional conduct consisting of neglect of client matters, failure to respond to client requests for information and failure to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) concerning client grievances. The referee also recommended that Attorney Heath be required to pay the costs of this proceeding. We accept the referee's recommendations as appropriate discipline in this matter.

Attorney Heath was admitted to practice law in Wisconsin in 1971 and practices in Rhinelander. He has not previously been the subject of a disciplinary proceeding. The referee is the Honorable Rodney L. Young, reserve judge.

Upon a stipulation of the parties, by the terms of which Attorney Heath admitted the allegations of misconduct set forth in the Board's complaint, the referee found that Attorney Heath failed to expeditiously con-

clude an escheat estate, as he had been directed to do by the circuit court. The court issued an order to show cause why Attorney Heath should not be removed as attorney for the estate by reason of his failure to file the final judgment in that estate. At Attorney Heath's subsequent request, the court substituted another attorney. The referee concluded that Attorney Heath thereby neglected a legal matter, in violation of SCR 20.32(3), and that his failure to timely respond to several letters of inquiry from the Board concerning this matter was in violation of SCR 22.07 and 21.03(4).

In another matter, Attorney Heath failed to respond to numerous communications from his client and a third party requesting information concerning actions he had taken on the client's behalf in a collection matter. Attorney Heath undertook the client's representation in 1980 but did not obtain a default judgment until June, 1982. He then failed to respond to his client's requests for information over the next eight months. The referee concluded that Attorney Heath's failure to timely obtain a judgment for his client and his failure to correspond in writing with the client to keep him informed of the progress of the matter constituted neglect, in violation of SCR 20.32(3).

We accept the referee's findings and conclusions, as well as his recommendation that a public reprimand be imposed on Attorney Heath for his unprofessional conduct in these matters.

IT IS ORDERED that Attorney Lawrence R. Heath is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 120 days of the date of this order Attorney Lawrence R. Heath pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Lawrence R. Heath of his

inability to pay the costs within the time specified, the license of Attorney Lawrence R. Heath to practice law in Wisconsin shall be suspended until further order of the court.